```
                 IN THE UNITED STATES DISTRICT COURT FOR THE

                        EASTERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,     )    No. CR-F-91-176 REC
                              )
                              )    ORDER DISMISSING MOTION FOR
                              )    NEW TRIAL FOR LACK OF
              Plaintiff,      )    JURISDICTION AND DIRECTING
                              )    UNITED STATES TO FILE
         vs.                  )    RESPONSE TO MOTION FOR
                              )    MODIFICATION OF IMPOSED TERM
                              )    OF IMPRISONMENT WITHIN 15
LOUIE B. NICHOLS,             )    DAYS OF THE FILING DATE OF
                              )    THIS ORDER
                              )
              Defendant.      )
                              )
_____)
```

On July 8, 2005, Louie B. Nichols, proceeding in pro per, filed a "Motion for New Trial Pursuant to New Rule Announced in Crawford v. Washington 541 U.S. 36 (2004), and Made Retroactive by Bockting v. Bayer, 399 F.3d 1010 (9th Cir. 2005); Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. : 3582(c)(@), and 28 U.S.C. :994(o)" [sic].  In this motion, Nichols contends that he is entitled to a new trial because of the Supreme Court's ruling in Crawford v. Washington, 541 U.S. 36 (2004), wherein the Supreme Court held that the

1

Confrontation Clause of the Sixth Amendment bars the state from introducing out-of-court statements which are testimonial in nature, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the declarant.  The Ninth Circuit has held that Crawford applies retroactively to cases on collateral review.  Bockting v. Bayer, 399 F.3d 1010, amended, 408 F.3d 1127, rehearing en banc denied, 418 F.3d 1055 (9th Cir. 2005).  In addition, Nichols contends that he is entitled to be resentenced pursuant to Amendments 484 and 591 to the United States Sentencing Guidelines, which amendments have been made retroactive by the Sentencing Commission.

    By Order filed on July 14, 2005, the United States was ordered to respond to the claims in Nichols' motion.  After receiving an extensions of time, the United States filed its response on September 27, 2005.  In its response, the United States did not address the merits of the claims in Nichols' motion, arguing instead that the relief sought in the motion is governed by 28 U.S.C. § 2255 and that, therefore, this court lacks jurisdiction to hear the claims.  Nichols' reply brief was filed on October 31, 2005.

    Nichols was charged with three other defendants with conspiracy to manufacture methamphetamine.  Nichols was convicted by jury trial on July 24, 1992 as were his co-defendants, Earl Marcus Byers and Rachelle Denise Cox.  On November 16, 1992, Nichols was sentenced to 264 months in custody.  Nichols appealed his conviction and his conviction and sentence were affirmed by

the Ninth Circuit on January 27, 1994.

On June 25, 2001, Nichols filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, claiming that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), that the prosecution failed to provide certain documents in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that he was denied the effective assistance of counsel.  Nichols' Section 2255 motion was denied by Order filed on July 6, 2001. The Ninth Circuit affirmed the denial of the Section 2255 motion on December 5, 2002.

As noted, Nichols' has actually filed two separate motions in one pleading.  He seeks a new trial and he also seeks a modification of his sentence based on the retroactive application of amendments to the Sentencing Guidelines.  The court addresses each motion separately in this order.

**1.   Motion for New Trial**.

To the extent that Nichols moves for a new trial, the threshold question is the procedural basis for Nichols' request. Rule 33, Federal Rules of Criminal Procedure, does not provide a vehicle for the instant motion because the time requirements set forth in Rule 33 are jurisdictional.  18 U.S.C. § 3582(c)(2) does not provide authority for this court to grant the requested new trial.  Section 3582(c)(2) only permits the district court to modify a term of imprisonment "in the case of a defendant who has been sentenced ... based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant

3

to 28 U.S.C. § 994(*o*).  Nichols cannot look to 28 U.S.C. § 2241 or the All Writs Act to provide authority for this court to consider the motion for new trial at this juncture.  As a general rule, challenges to the legality of a federal conviction and sentence must be brought pursuant to Section 2255 while challenges to the manner of execution of the sentence must be brought pursuant to Section 2241.  United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).  A federal prisoner who seeks to challenge a federal conviction must do by filing a Section 2255 motion in the district court in which he was convicted.  See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir.), cert. denied, 488 U.S. 982 (1988).  An exception to this rule exists where a petitioner demonstrates that Section 2255 relief is unavailable or ineffective.  However, this exception is construed very narrowly.  Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999), cert. denied, 528 F.3d 1178 (2000).  Because Nichols has not applied to the Ninth Circuit for permission to file a second or successive Section 2255 motion based on Crawford and Bockting, see discussion infra, Nichols cannot show that relief under Section 2255 is unavailable or ineffective.  Nor may Nichols circumvent the procedural requirements of Section 2255 by invoking the All Writs Act, 28 U.S.C. § 1651.  See United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001).  Therefore, as the United States notes, the proper vehicle for a challenge to the constitutionality of a conviction is a motion pursuant to Section 2255.  However, because Nichols previously filed a motion under

4

1  Section 2255, 28 U.S.C. § 2244(a) provides in pertinent part that
2  "[n]o ...district judge shall be required to entertain an
3  application for a writ of habeas corpus to inquire into the
4  detention of a person pursuant to a judgment of a court of the
5  United States if it appears that the legality of such detention
6  has been determined by a judge or court of the United States on a
7  prior application for a writ of habeas corpus, except as provided
8  in section 2255."  28 U.S.C. § 2244(b)(3)(a) provides that
9  "[b]efore a second or successive application permitted by this
10 section is filed in the district court, the applicant shall move
11 in the appropriate court of appeals for an order authorizing the
12 district court to consider the application."  Section 2255
13 provides in pertinent part:

>       A second or successive motion must be
>       certified as provided in section 2244 by a
>       panel of the appropriate court of appeals to
>       contain -
>
>       ...
>
>       (2) a new rule of constitutional law, made
>       retroactive to cases on collateral review by
>       the Supreme Court, that was previously
>       unavailable.

20 If a petitioner has previously sought relief pursuant to Section
21 2255 and has not received from the Ninth Circuit certification as
22 required by Sections 2244 and 2255, this court does not have
23 jurisdiction to consider the merits of this second motion.
24 United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).
25      Therefore, to the extent that Nichols moves the court to
26 order a new trial pursuant to Crawford and Bockting, the court

5

concludes that this claim is cognizable only pursuant to Section 2255.  Because Nichols previously filed a Section 2255 motion, this court does not have jurisdiction to consider Nichols' claim that his conviction is unconstitutional in the absence of certification to this court to hear the claim.

**2.  <u>Motion for Modification of Sentence</u>.**

To the extent that Nichols' moves the court to modify his sentence pursuant to Section 3582(c)(2) based on Amendments 484 and 591 to the Sentencing Guidelines, the court notes that such a motion is a continuation of the criminal proceedings.  <u>See</u> <u>United States v. Fair</u>, 326 F.3d 1317, 1318 (11th Cir. 2003); <u>United States v. Ono</u>, 72 F.3d 101 (9th Cir. 1995).  This court is authorized by the terms of Section 3582(c)(2) to consider Nichols' motion.  Because the United States did not respond to the merits of Nichols' motion for modification of sentence Amendments 484 and 591, the court cannot address the merits of Nichols' motion.[1]

Consequently, the court orders the United States to respond to the merits of the motion for modification of sentence within 15 days of the filing date of this order.  Nichols' reply, if

---

[1] In his reply brief filed on October 31, 2005, Nichols argues that he is entitled to modification of his sentence under Section 3582(c)(2) because of the Supreme Court's holding in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  However, <u>Booker</u> is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission.  Therefore, <u>Booker</u> is inapplicable to § 3582(c)(2) motions.  <u>See</u> <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005).  Therefore, Nichols is not entitled to relief under Section 3582(c)(2) because of <u>Booker</u>.

1  any, shall be filed within 15 days thereafter.  All further
2  proceedings shall be by order of the court.
3      IT IS SO ORDERED.
4  **Dated:  November 7, 2005**               **/s/ Robert E. Coyle**
   668554                                UNITED STATES DISTRICT JUDGE